## CAPLINGER *v.* HICKERSON.

### Opinion delivered January 16, 1928.

1. LANDLORD AND TENANT—INJUNCTION AGAINST TRESPASS.—An injunction to restrain a lessor from turning horses and cattle on land which the tenant was cultivating was not granted, where there was no showing that the tenant would suffer irreparable injury.

2. LANDLORD AND TENANT—INJUNCTION AGAINST TRESPASS.—An injunction will not be granted to a tenant to restrain a solvent landlord from turning cattle and horses on the land which he had under cultivation, since the tenant had an adequate remedy at law.

Appeal from Independence Chancery Court; *Alvin S. Irby,* Chancellor; affirmed.

*W. M. Thompson,* for appellant.

*J. Paul Ward* and *Coleman & Reeder,* for appellee.

MEHAFFY, J.   The appellant filed a petition in the chancery court seeking to restrain appellees from turning

loose certain stock upon the growing crops of the appellant, who was a tenant of appellee. He alleged that he resided on appellees' lands as a tenant, and that, upon agreement with appellees, he was cultivating some ground surrounding the house in which he lives, cultivating the same in tomatoes, cucumbers, peas and other truck, and that this was in a common inclosure owned and operated by appellees, and he alleged further that they were about to turn several head of cattle, horses, and other live stock into said inclosure, to his damage, and that, unless restrained, he would suffer irreparable harm, and that there was no means of determining the extent of damage to which he would be subjected by the actions of the defendants, and that he had no adequate remedy at law.

The appellees filed answer, denying the material allegations in appellant's complaint, and also filed a cross-complaint alleging that appellant was cultivating the small piece of land without their consent, and that he turned his own stock into the same, and that appellant knew when he put said land in cultivation that it was a common pasture, knew that defendants would use the same, and that they offered him some fencing to fence the land if he wished to do so, but he did not do so. They state they never agreed to fence the land for appellant, and were under no obligations to do so. Appellees state, however, that, when appellant complained to them, that they did fence the spot of land, although they were under no obligations to do so. That he had damaged their orchard, fence and pasture in the sum of $200.

The testimony was conflicting, and the finding of the chancellor is supported by the evidence. It may also be stated that there is no allegation of insolvency and no showing of irreparable injury, and that appellant had a complete and adequate remedy at law.

The decree is therefore affirmed.